**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

OMNISTONE CORP. and: SANDRO MANNARINO
On behalf of themselves and all others similarly situated

                                                  Plaintiffs,                  **COMPLAINT**
                                                                                 *Jury Trial Demanded*

       -against-


ANDREW CUOMO, in his personal and official
capacity as Governor of The State of New York,
NEW YORK STATE and NASSAU COUNTY.

                                                  Defendants.
-----------------------------------------------------------------------X

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND MONETARY DAMAGES**

**PRELIMINARY STATEMENT:**

1.  This action is brought by Representative Plaintiffs Omnistone Corp and Sandro Mannarino under the Constitution of the United States of America as applied to the States via the Fourteenth Amendment, and 42 U.S.C. § 1983, for civil rights violations suffered by Plaintiffs due to the actions of Defendants Andrew Cuomo, New York State, and Nassau County.

2.  The New York State Executive Law § 29-a permits the issuance of Executive Orders with all the trappings of a regular law as long as the Executive Order stays in effect.  However, it explicitly makes such Executive Orders "[s]ubject to the state constitution, the federal constitution and federal statutes and regulations" and  "[a]ny such directive" issued by the Governor "must be necessary to cope with the disaster and may provide for procedures reasonably necessary to enforce such directive."

3.  In the present case, the Executive Order is not necessary to cope with a disaster, nor does it provide procedures reasonably necessary to enforce such directives.

4. As a result of the Coronavirus, New York States's Governor Cuomo issued forth Executive Order 202 (hereinafter the "EO") on March 7, 2020.[1] This EO has been has been extended multiple times and resulted in a total of thirty-one (31) related Executive Orders being issued by Governor Cuomo.

5. The primary EO at issue in this action are 202.6 and 202.8 which had the effect of unilaterally shutting down businesses throughout New York States. EO 202.6 has been superseded by EO 202.8.

6. The EO has been since extended and continued to date.

7. The EO is a violation of (a) Substantive Due Process, (b) Procedural Due Process; (c) violates the Contract Clause contained within Article I, Section 10, Clause 1 of the United States Constitution; (d) violates the Commerce Clause contained within Article 1, Section 8, Clause 3 of the United States Constitution; and (e) constitutes a Regulatory Taking in violation of the Fifth Amendment.

8. The EO does not even properly determine or define what is or is not an "Essential business". As directed by EO 202.6, there has been "guidance" put forth by Empire State Development ("ESD")[2]. In essences, Cuomo issues an EO and then modifies it as he sees fit via "guidance" from ESD. All done unilaterally.

9. As a direct result of the EO, all forms of business across New York State are being forcibly closed, by a unilateral act of Governor Cuomo.

10. There has been no appeal process and no due process for these businesses, including Plaintiffs' business.

---

[1] Attached hereto as *Exhibits A and B* respectively.
[2] https://esd.ny.gov/guidance-executive-order-2026 (last visited 5/12/2020) Attached hereto as *Exhibit C* are the Frequently Asked Questions in relation to EO 202.6.

11. Representative Plaintiffs, whose profession and business involve the cutting of stone, have been directly impacted by being closed indefinitely pursuant to the EO, as enforced by Nassau County via the Nassau County Fire Marshal, though said Fire Marshal has no such authority to enforce the EO.

12. The EO does not take into account the myriad of business which are able to fully function with social distancing and protective gear.

13. Moreover, the entire purpose of EO's issued by Governor Cuomo has been the "Flatten the Curve". The Curve has flattened yet, for Representative Plaintiff, no opening is in sight.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; 28 U.S.C. §§ 2201–2202; and 42 U.S.C. § 1983.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (e)(1). A substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

16. Representative Plaintiff Omnistone Corp. (hereinafter "OMNISTONE") is New York State business, incorporated on November 12, 2003 with its place of business being located within Nassau County, New York.

17. Representative Plaintiff Sandro Mannarino (hereinafter "MANNARINO") is the owner of OMNISTONE and resident of New York State.

18. OMNISTONE and MANNARINO are collectively referred to as "PLAINTIFFS".

19. Defendant Andrew Cuomo (hereinafter "CUOMO") is the current Governor of the State of New York and the individual who has signed and caused to be enacted the EO's at issue in this case. CUOMO is being sued in both his official and personal capacity for the willful disregard of the rights enshrined within the Constitution.

20. Defendant New York State (hereinafter "NYS") is the State of New York,

21. Defendant Nassau County (hereinafter the "COUNTY") is a county and governing body located within Long Island, New York. As of the 2010 Census, the County's population is 1,339,532. The Fire Marshal exists per the COUNTY's charter, where said Fire Marshal's duties are clearly stated.

22. CUOMO, NYS, and COUNTY are collectively referred to herein as the "DEFENDANTS"

## FACTUAL ALLEGATIONS

**OMNISTONE INC.**

23. OMNISTONE, has been in continuous operation for approximately seventeen (17) years.

24. PLAINTIFFS are in the business of cutting, shaping, and installing stone countertops, floors, and the like for both residential and commercial use.

25. OMNISTONE does business throughout New York State and is fully capable of, and has in the past, done business outside New York State.

26. MANNARINO employs seven (7) employees who are skilled in the delicate art of cutting stone. The EO places all of these employees in jeopardy and harms MANNARINO's business as replacing skilled stone cutters is extremely difficult.

27. It is necessary for PLAINTIFFS to operate the business with a minimum of four (4) employees. This is due to safety concerns regarding the moving of the stones being cut because of (a) the size of the stones being cut; and (b) the weight of the stones being cut.

28. None of PLAINTIFFS employees are over 60 years old, have any medical condition, or have presented with any COVID-19 symptoms.

**WORKPLACE SAFETY**

29. OMNISTONE conducts its business within a 4,000 square foot facility in which all employees must wear protective head, face, eye, ear, and hand coverings at all times.

30. The facility has significant space between workstations as illustrated in this photograph:



31. The following is a photo of the items PLAINTIFF use to actually protect themselves on a daily basis:



32. All of OMNISTONE'S employees are trained in the proper manner in which to wear the above-described safety equipment.

**INDEFINITE FORCED SHUT DOWN AND CLOSURE OF OMNISTONE**

33. On May 1, 2020, the COUNTY Fire Marshal issued an Order to Vacate Forthwith (the "Order"), pursuant to EO 202.8, which unilaterally states that OMNISTONE is a

"nonessential business" that must "cease operation **until further notice** pursuant to New York State Executive Order 202.8. The following is a facsimile of the Order:

[Facsimile of Nassau County Fire Commission "ORDER TO VACATE FORTHWITH" — Location ID #: 27152, Date 5/1/20, To: Omnistone, premises at 91 Horton Ave. Lynbrook NY 11563. Box checked for "NON-ESSENTIAL BUSINESS OR ENTITIES SHALL CEASE OPERATION UNTIL FURTHER NOTICE. PURSUANT TO NEW YORK STATE EXECUTIVE ORDER 202.8". Handwritten: "newyorkstateempiredevelopment-COVID19". Received by: Eulises Hernandez, Employee. Issued by Fire Marshal, SH# 119, Pignataro. Vacate 4/18/2020 @ 1700 HRS. "Industrial".]

34.     DEFENDANTS are enforcing the will of ESD and not the EO.

35.     The Order only allows for a single person to perform a specific task in PLAINTIFFS' business. However, due to the very nature of PLAINTIFFS' work, it would be extremely dangerous for a single individual to perform the needed tasks.

36. Pursuant to the Fire Marshal who issued the Order, MANNARINO reached out to New York State requesting that OMNISTONE be considered an "Essential Business", however, all MANNARINO received was am automated e-mail reply with no way to appeal or address PLAINTIFFS specific circumstances. *See Exhibit D* (PLAINTIFFS Application and automated response).

37. In truth, PLAINTIFF is an Essential Business as homes cannot be completed without the properly cut stone to fit a sink in the countertop or a safe floor to walk upon. Yet, this has been entirely ignored by DEFENDANTS.

38. As a direct result of the above actions, PLAINTIFFS business has been forcibly closed by the DEFENDANTS, with no end in sight.

39. On May 8, 2020, CUOMO stated in sum and substance:

> The good news on the overall is we're finally ahead of this virus, right? For so long we were playing catch up. We talked about the facts and circumstances that we found out about it. It was in China, it had moved, and we were playing catch up. We were behind it. Now, I feel for the first time, we're actually ahead of it. We have showed that we can control the beast. You look at those numbers coming down. Remember, our numbers are coming down in New York. Most states in this country, you still see the numbers going up. You take New York out of the national numbers, and you see the cases are on the incline. We have it on the decline. So we have the beast on the run, there's no doubt about that. We haven't killed the beast, but we're ahead of it. And the hospitalization rate's coming down and the death rate is coming down, so that's all good news. And I feel that we are, for the first time in this engagement, we're actually ahead of the virus.[3]

---

[3] https://www.governor.ny.gov/news/video-audio-photos-rush-transcript-amid-ongoing-covid-19-pandemic-governor-cuomo-announces-22 (last visited May 11, 2020).

40. Initially, CUOMO announced that the entire purpose of "NEW YORK STATE ON HOLD" was to "Flatten the Curve", this objective had been reached already on April 14, 2020 when CUOMO stated:

> Let's go through where we are right now. The good news is the curve of the increase is continuing to flatten. The number of hospitalizations appears to have hit an apex and the apex appears to be a plateau which is what many of the models predicted, that it wasn't going to be straight up and straight down. It was going to be straight up, you time the top number and then you plateau for a period of time and that looks like what we are doing.[4]

41. Yet, DEFENDANTS have no directions as to what to do next. The determination as to which business are to open and which must be closed appears to be entirely arbitrary and capricious, with no accounting for what or how a business can protect those who work there.

42. Furthermore, the COUNTY has stated that a late June 2020 "opening" is likely.[5]

43. Regardless of the "curve", PLAINTIFFS should not have be deemed nonessential simply because CUOMO said so.

44. Moreover, even with such a designation of "nonessential" PLAINTIFF should be able to work as they can social distance and properly protect themselves.

45. DEFENDANTS actions have caused PLAINTIFFS significant financial loss and the longer PLAINTIFFS are forced to stay closed, the more they will suffer.

46. There are many other businesses and business owners injured by DEFENDANTS actions, both in and out of New York State that are in the exact same situation as PLAINTIFFS: they are able to ensure social distancing; wear protective equipment; have been shut down by the

---

[4] https://www.governor.ny.gov/news/video-audio-photos-rush-transcript-amid-ongoing-covid-19-pandemic-governor-cuomo-announces-10 (last visited May 11, 2020).

[5] https://www.longislandpress.com/2020/05/08/long-island-reopening-probably-by-the-end-of-june/ (last visited May 11, 2020).

EO and are suffering losses because of it; and PLAINTIFFS have no recourse except to turn to the Courts.

## CLASS ACTION ALLEGATIONS

47. PLAINTIFFS seek Class Action Certification pursuant to Fed. R. Civ. P. 23;

**PURPOSED PLAINTIFF CLASS**

48. PLAINTIFFS bring this action individually and on behalf of all those similarly situated *i.e.*, business throughout New York which have been impacted by the EO and have been shut down "until further notice" and yet are fully capable of engaging in safe and proper practices to protect their employees, such as wearing protective face coverings and practicing social distancing.

**NUMEROSITY**

49. Members of the Plaintiff Class are so numerous that joinder of all members is impactable.

50. The exact number of class members is unknown to Representative PLAINTIFF at this time, Representative PLAINTIFF believes that there are thousands, if not tens of thousands of individuals and business who have been harmed by CUOMO's actions.

51. It would be impractical to join the Plaintiff Class members individually and there is no need for this Court to do so in order to grant the equitable relief sought in this action.

**COMMON QUESTIONS OF LAW**

52. Common questions of law and fact exists as to all members of the Plaintiff Class and prevail over any questions solely affecting individual members of the Plaintiff Class.

53. Such common questions of law are the constitutionality of the EO, whether the Plaintiff Class is entitled to declaratory and/or injunctive relief, compensatory, general, and/or punitive damages.

## TYPICALITY

54. The Causes of Action, facts, and claims being brought by Representative PLAINTIFFS are typical and common to the claims of all members of the Plaintiff Class.

## ADEQUACY

55. Plaintiffs Class will be fairly and adequately represented by Representative PLAINTIFFS.

56. Representative PLAINTIFFS are interested in pursuing this matter to completion with the intent on a proper and fair outcome for all others similarly situated.

57. Representative PLAINTIFFS have retained competent and experienced attorneys to represent the interests of the Plaintiff Class.

58. Representative PLAINTIFFS hold no adverse interest or conflict with any member of the Plaintiff Class entitled to relief sought herein.

59. Counsel who have been selected by the Representative Plaintiff have no interest adverse to or in conflict with that of any individual who might be entitled to the relief sought herein.

## SUPERIORITY

60. A class action is superior to all other methods as it will ensure fair and efficient adjudication of this matter.

61. Counsel and Representative PLAINTIFF are not aware of any difficulty that would prevent proper management of this action or maintenance as a Class Action.

**ALTERNATE CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(B) AND/OR 23(C)**

62. Prosecution of similar actions, separate from this matter, by individual members of the Plaintiff Class create a risk of inconsistent or varying adjudication with respect to individual Class members and may create incompatible guidelines and law for DEFENDANTS.

63. The prosecution of separate actions by individual Class members would create a risk of decisions that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

64. DEFENDANTS acted on grounds generally applicable to the Plaintiff Class, thereby making appropriate final declaratory and injunctive relief with respect to the members of the Plaintiff Class as a whole.

65. All of Plaintiff Class have claims and issues of commonality that should result in certification pursuant to Rule 23(c)(4).

## FIRST CAUSE OF ACTION
**Fourteenth Amendment Substantive Due Process**

66. PLAINTIFFS repeat and re-allege by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67. PLAINTIFFS and the proposed Plaintiff Class (hereinafter jointly referred to as the "CLASS") assert that DEFENDANTS have violated their Substantive Due Process Rights.

68. DEFENDANTS have willfully and deliberately engaged in conduct via the issuance and enforcement of the EO which causes an actual and real taking of liberty and property.

69. Due to DEFENDANTS actions, the CLASS has suffered forced closures of business locations, inability to work, to pursue their livelihood in the manner the CLASS wishes, and a forced loss of livelihood.

## SECOND CAUSE OF ACTION
### Fourteenth Amendment Procedural Due Process

70. PLAINTIFFS repeat and re-allege by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

71. The CLASS asserts that DEFENDANTS have engaged in behavior which violated Procedural Due Process.

72. DEFENDANTS have summarily and unilaterally forced the closure of the CLASS business with no recourse.

73. No hearing of any sort is available for the CLASS to address the forced closure of their property "until further notice".

74. Many business owners have had their property forcibly closed, with absolutely no hearing.

75. CUOMO unilaterally issued and continued the EO, without engaging any other branch of government and it allows for no recourse.

## THIRD CAUSE OF ACTION
### Violation of the Contracts Clause

76. PLAINTIFFS repeat and re-allege by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

77. The CLASS asserts that DEFENDANTS have engaged in behavior which violates Article 1, Section 10 of the United States Constitution, known as the Contracts Clause.

78. The EO has effect of law, though unilateral and issued only by CUOMO, the New York State Executive Law § 29-a permits the issuance of Executive Orders with all the trappings of a regular law as long as the Executive Order stays in effect.

79. The EO at issue in this present matter creates a substantial contractual impairment for the CLASS to fulfill its obligations under contracts entered into prior to the EO.

80. The EO, does not serve a legitimate public purpose. Moreover, even if the "legitimate purpose" was to "Flatten the Curve", as enumerated about, this has occurred.

81. Moreover, because the Class does engage in business while in proper protective gear and adhering to proper social distancing guidelines and protocols, the EO should never have applied in the first place.

82. Even if DEFENDANTS could put forth a legitimate public purpose for specifically shuttering the CLASS businesses, the extreme measures to accomplish this purpose are not reasonable or necessary. CUOMO could have issued proper guidance to how to conduct oneself within the business, instead of closing the businesses entirely.

83. This is an especially unique situation, because it is *not* the legislature violating the Contracts Clause, but the Executive of the State of New York via the EO as permitted by the legislature.

## FOURTH CAUSE OF ACTION
### Violation of the Dormant Commerce Clause

84. PLAINTIFFS repeat and re-allege by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

85. The CLASS asserts that DEFENDANTS have engaged in behavior which violates the Article 1, Section 8, Clause 3 of the United States Constitution, known as the Commerce Clause. A state's power to take actions impacting interstate commerce is limited by the "Dormant" Commerce Clause.

86. The EO imposes a burden on interstate commerce in that it prevents members of the CLASS from engaging, or continuing to engage in sales, production, imports, exports, instillations, and/or contracts with parties in other states. This prevention occurs because the EO has actually or practically shut down and shuttered the CLASS, preventing them from doing business.

87. In essence, preference is given to out-of-state competitors, as they may still engage with and sell to parties within New York State.

88. The local benefit of DEFENDANTS closure of CLASS business is nonexistent. The CLASS would be able to fully function due to their adherence and use of protective equipment and procedures.

## FIFTH CAUSE OF ACTION
### Fifth Amendment Regulatory Taking

89. PLAINTIFFS repeat and re-allege by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

90. The CLASS asserts that DEFENDANTS have engaged in behavior which violates the Fifth Amendment, in that the EO is a regulatory taking.

91. The EO goes too far.

92. The EO results in a Regulatory Taking by banning the use of CLASS property, without end and without actual logical applied reason.

93. While there is no categorical assumption of property, the Order described above evinces a clear Regulatory Taking in that it has the effect of shutting down a CLASS business and physically closing the doors.

94. This unlimited Regulatory Taking is without end, literally "until further notice" and has, and will continue, to cause significant harm to members of the CLASS.

95. Moreover, having the Fire Marshal literally seal the doors to a business because it is arbitrarily deemed "nonessential" is egregious.

96. Importantly, the EO is not a regulation in the normal sense, that has a transparent process and passes through the legislature. The EO was enacted solely by the Governor, with no modification as facts and circumstances change for the better in New York.

97. As such, just compensation for such a taking must occur.

## SIXTH CAUSE OF ACTION
### Lack of Fire Marshal Authority to Issue Orders Relating to the EO

98. PLAINTIFFS repeat and re-allege by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

99. PLAINTIFFS assert that the COUNTY has instructed the Fire Marshal to act outside of the delineated roll they play pursuant to the Nassau County Charter. *See Exhibit E* (Relevant Excerpt of Nassau County Charter relating to the Fire Marshal).

100. As such, the Order issued by the County via the Fire Marshal is invalid and must be declared so.

## PUNITIVE DAMAGES

101. PLAINTIFFS repeat and re-allege by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

102. DEFENDANTS willfully and knowingly issued and enforced the Executive Order without any regard for the Civil Rights and Liberties of PLAINTIFFS or the prospective CLASS.

103. Such acts deserve an award of punitive damages in order to ensure that no such wanton violation of Civil Rights occurs to others.

## A JURY TRIAL IS HEREBY DEMANDED

104. Pursuant to Fed. R. Civ. P. 38, PLAINTIFFS hereby request a trial by jury for all issues so triable.

## REQUESTED RELIEF

**WHEREFORE,** PLAINTIFFS demand judgment against DEFENDANTS:

a. Certify the Plaintiff Class

b. Declare the relevant Executive Order unconstitutional;

c. Enjoin the relevant Executive Order;

d. Special and Compensatory Damages;

e. Award costs of this action, including attorney's fees to PLAINTIFFS; and

f. An Order granting such other legal and equitable relief as the Court deems just and proper.

Dated:     May 12, 2020
              Flushing, New York

                                      Respectfully Submitted,

                                      **Weinstein & Weinstein, LLP**
                                      *Attorneys for Plaintiff*

                      By:         _____/s_____
                                      **JACOB Z. WEINSTEIN, ESQ.** (JW6133)
                                      **ISRAEL D. WEINSTEIN, ESQ.** (IW6133)
                                      68-15 Main Street, 2nd Floor
                                      Flushing, NY 11367
                                      TELEPHONE: (646) 450-3484
                                      FACSIMILE: (646) 774-0368
                                      E-MAIL: Jacob@WeinsteinLLP.com